# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

EURRAINA JONES,

                           **Plaintiff,**

-vs-                                      **Case No.  6:05-cv-1896-Orl-22KRS**

SEMORAN PIZZA HUTS, INC.,
d/b/a:  Pizza Hut, a Florida Corporation,

                           **Defendant.**

_____

## ORDER

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES (Doc. No. 31)** |
| **FILED:** | **November 3, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

      Defendant Semoran Pizza Huts, Inc. (Pizza Hut) seeks an order compelling Plaintiff Eurraina Jones to provide verified answers to Defendant's First Set of Interrogatories and to produce documents and medical releases responsive to Defendant's First Request for Production.

      Jones does not oppose the motion on the merits.  Rather, she responds that she has moved to her parents' home in Maryland, so that her parents can assist her with complications from a difficult pregnancy.  She states that the documents and information necessary for her to respond to these

discovery requests are in her home in Orlando.  Accordingly, she requests that the Court essentially stay discovery until sometime after she gives birth, which is anticipated to occur about February 25, 2006.

While the Court is not unsympathetic to Jones's medical situation, delaying the litigation of this case until an unknown date when Jones recovers from giving birth is not practicable.  Moreover, Jones has counsel in Florida who presumably can be given access to her home and allowed to gather the information and documents necessary for Jones to respond to the discovery requests.  Counsel should also instruct Jones about the use of a declaration pursuant to 28 U.S.C. § 1746 in lieu of the need to travel to a notary public to provide sworn answers to interrogatories.[1]

Accordingly, the motion is **GRANTED** in part as follows: it is **ORDERED** that, on or before December 15, 2006,  Jones shall provide sworn answers to Defendant's First Set of Interrogatories, produce documents responsive to Defendant's First Request for Production, and provide executed releases allowing counsel for Pizza Hut to obtain her medical records.

It is further **ORDERED** that to the extent that Jones withholds information called for in the interrogatories or documents, or portions thereof, responsive to the request for production based on a privilege or protection, she shall serve simultaneously with the discovery responses a privilege log describing each item of information or documents, or portion thereof, that has been withheld.  The privilege log must identify each document or item of information withheld pursuant to a claim of privilege or protection by date, source, each person to whom the information or document has been disclosed, specific privilege or protection claimed and shall describe the subject matter of each item

---

[1]  Similarly, Jones can be deposed by telephone or counsel for Pizza Hut may elect to travel to Maryland and depose Jones at her parents' home.

of information or document in sufficient detail to permit opposing counsel and the Court to assess the applicability of the claimed privilege or protection.  Fed. R. Civ. P. 26(b)(5); *Golden Trade S.r.L. v. Lee Apparel Co.*,  Nos. 90 Civ. 6291 (JMC), 90 Civ. 6292 (JMC) and 92 Civ. 1667 (JMC), 1992 WL 367070, at *5, (S.D.N.Y. Nov. 20,1992) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir.1987)).

It is unclear what Pizza Hut's contention is with respect to interrogatories Jones answered, such as Interrogatory Nos. 4, 5 and 8.  Accordingly, the remaining requests in the motion are **DENIED** without prejudice to renewing them, if necessary, after receiving the supplemental responses to discovery required by this order.

Finally, the request for sanctions is also **DENIED** without prejudice.  While the better practice would have been to seek a protective order rather than failing properly to respond to the discovery requests, Jones has presented sufficient information about her medical condition to make an award of sanctions unjust, at this point in the litigation.

**DONE** and **ORDERED** in Orlando, Florida on November 27, 2006.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-3-